CARMINE ROSSI *et al.* FOR AN OPINION.

JUNE 4, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

PER CURIAM. This is a petition by Carmine Rossi, Giuseppe Vinagro and Mary Vinagro, a minor thirteen years of age, by her next friend for an opinion of the court pursuant to Section 20, Chapter 339, G. L. 1923.

The petition sets forth that Giuseppe Vinagro and his wife Antonia were tenants in common of certain lots of land situate in the city of Cranston; that the wife Antonia deceased leaving as her sole heir at law Mary Vinagro; that Giuseppe Vinagro, father of Mary, was appointed guardian of her person and estate and as such guardian obtained leave from the Probate Court of Cranston to sell the interest of his ward in said real estate at public auction or private sale; that he sold at private sale to himself at the minimum price fixed by said court, and thereafter he entered into a contract with said Carmine Rossi to build a house on said lots. As part payment said Rossi agreed to take a mortgage on the premises in question.

It appears that at the time of making the contract Rossi did not know of any defect in Vinagro's title but he was so informed before he took the mortgage and after he had expended in material and labor over two thousand dollars.

A guardian *ad litem* was appointed, who has submitted the rights and interests of the ward to the care of this court but filed a brief in support of the contentions of the other petitioners.

148

The court is asked for an opinion as to whether Carmine Rossi took a good title under his mortgage as against the minor, Mary Vinagro.

We are of the opinion that this is not a proper proceeding in which to determine the rights of a minor. In *Petition of Samuel Champlin*, 17 R. I. 512, the court said: "The statute contemplates 'a case' between opposing parties." A minor thirteen years of age is not competent to concur in a statement of a question in the form of a special case for an opinion. The court will scrutinize with great care any agreement with respect to property rights of a minor by one having such rights in charge. In *Greene* v. *Mabey*, 35 R. I. 11, the court, in denying the power of a guardian *ad litem* to enter into an agreed statement of facts, said: "Courts have always been exceedingly zealous in guarding the rights and interests of minors. They have usually permitted guardians and guardians *ad litem* to do such things as were clearly to the advantage of the ward and when the advantage to the ward was not clear they have instituted inquiry and have sometimes referred the question of advantage to a master before giving heed to the agreement of such guardian."

The petition is dismissed.

*John L. Casey*, for petitioners.

*Harry H. Thurlow*, guardian *ad litem*.